In the Matter of the Judicial Settlement of the Account of Proceedings of The New York Trust Company, as Executor of and Trustee under the Last Will and Testament of Elbert H. Gary, Late of Jericho, Nassau County, New York, Deceased, and The Application of the Said The New York Trust Company, as Such Executor and Trustee, for a Determination as to the Construction and Effect of the Disposition of Property Contained in Said Will with Respect to Certain Expenditures Incurred and to Be Incurred in Connection with the Property Known as "Ivy Hall," Which Is Disposed of by Article VI, Sections 1, 2 and 3 of Said Will. Gertrude Gary Sutcliffe and Another, Appellants; Emma T. Gary and Others, Respondents.*— Decree of the Surrogate's Court of Nassau county, so far as appealed from, reversed on the law, with costs, payable out of the estate, to all parties appearing and filing briefs, and the matter remitted to the surrogate with directions to enter a decree providing that the expenses arising out of or connected with the care and maintenance of the real property known as Ivy Hall, pending its sale, are chargeable against and shall be paid out of the principal of the widow's residuary trust. We are of the opinion that the provisions of the will do not show any intention on the part of the testator that the carrying charges should

* Revd., 261 N. Y. 244.

be paid from the daughters' residuary trusts. According to the provisions of the will, the proceeds of Ivy Hall, when sold, become a part of the widow's residuary trust, the income of which will be paid to her during her lifetime. Under these circumstances, the carrying charges of Ivy Hall, until sold, are properly chargeable to the principal of the widow's residuary trust. This disposition, we think, cannot be said to be burdensome to the widow. Lazansky, P. J., Young, Kapper, Scudder and Tompkins, JJ., concur. Settle order on notice.